## JOHNSON v. CHURCHILL.

1. **Contract:** FAILURE OF ONE PARTY TO PERFORM. The failure of an obligee to perform the conditions imposed upon him in a contract would not fully discharge the obligor from the payment of the sum stipulated in the contract, unless the loss or damage he sustained equalled or exceeded the sum he was bound to pay by the terms of the instrument. The obligor would be discharged to the extent of the damage he sustained by the failure of the other party to perform his obligation, and no further.

*Appeal from Marshall Circuit Court.*

TUESDAY, OCTOBER 22.

ACTION in chancery to enforce a vendor's lien. There was

a decree for plaintiff.  Defendant appeals.  The facts of the case appear in the opinion.

*Brown & Binford,* for appellant.

*O. L. Binford* and *Caswell & Meeker,* for appellee.

Beck, J.—I.  The petition alleges that defendant, to secure the payment of a part of the purchase money of certain land, executed the following instrument in writing:

"$375.            Marshalltown, Iowa, Feb. 28, 1874.

"One year after date I promise to pay John G. Clifford the sum of three hundred and seventy-five dollars, with ten per cent interest from date, on condition that the said John G. Clifford will, within one year from this date, pay all taxes and all other incumbrances, and perfect the title to the west two hundred and twenty acres of the north half (½) of section 36, township 84, range 20, Marshall county, Iowa, which land I have this day purchased of Clifford, and if the title of said land is not perfected by said time, then this obligation to pay Clifford is to be null and void, and shall be cancelled.

"Samuel M. Churchill."

It is further shown that the balance of the purchase money has been fully paid, and that the conditions of the instrument have been performed, except that defendant paid certain taxes on the land without the consent of plaintiff, which he offers to repay or deduct from the amount due on the contract.  It is also averred that the instrument and vendor's lien were assigned to plaintiff, who is now the holder of all claims and rights thereunder.

The defendant, in his answer, sets out the circumstances under which the contract was executed, which need not be here repeated.  He avers that nothing was done to perfect the title of the land, and a judgment lien remained unsatisfied after the time fixed for the payment of the money secured

by the contract, and certain taxes were not paid, but now stand against the land. It is also shown that defendant incurred the expense of a journey from his home in Illinois to Marshall county, under representations that Clifford had performed the condition of the contract, which he asks may be deducted from the sum found due upon the contract. It is further alleged that the parties verbally agreed that the time of the performance of the conditions was to be of the essence of the contract, and that the stipulation was omitted through mistake and oversight.

The cause was tried in the court below, upon evidence reduced to writing, upon the order of the court. It is, therefore, triable here *de novo*.

II. The evidence discloses that the instrument upon which the action is based was given to secure the payment of a part 1. CONTRACT : of the purchase money of the land described failure of one party to per- therein. The failure of the obligee to perform form. the conditions imposed upon him would not fully discharge the obligor of his contract unless the loss or damage he sustained equalled or exceeded the sum he was bound to pay by the terms of the instrument. The obligor would be discharged to the extent of the damage he sustained by the failure of the other party to perform his obligation, and no further. This conclusion is based upon familiar doctrines applicable to contracts.

It may be also remarked that these doctrines will not permit the inference, from the face of the instrument, that the time prescribed for the performance of the conditions is of the essence of the contract.

III. We find it unnecessary to determine whether the defendant may be permitted in this case to establish an agreement not in writing to the effect that "time was of the essence of the contract," or to show that such was the contract of the parties which was not incorporated in the writing through oversight and mistake. The evidence, in our opinion, wholly fails to establish any such contract of the parties. The

defendant testifies to something of the kind, but it clearly appears that there was no intention of the parties that defendant should be wholly relieved if the other party to the contract did not perform his part on or before the time fixed for payment by defendant.

The foregoing discussion disposes of all questions brought to our attention by the arguments of the parties. Others, if there be any, need not be considered.

The decree of the court below correctly provides that the amount of taxes paid by defendant be deducted from the sum found due upon the face of the contract, and judgment for the balance be entered against defendant, and plaintiff's lien be enforced by sale of the land.

AFFIRMED.